IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR MENDEZ,

        Plaintiff,

vs.                                                                                                    No. CIV 02-0616 RB/LCS

CITY OF LAS CRUCES, DAVID MAESTAS
and JAMES ERICKSON, City Manager,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Motion to Dismiss (Doc. 24), filed June 24, 2003. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. Having reviewed the record and the relevant law, the Court finds that the motion is well-taken and should be granted.

**I. Background.**

On May 29, 2002, Plaintiff filed a complaint through counsel, alleging a claim for employment discrimination in violation of Title VII, for a due process violation under 42 U.S.C.§ 1983, and supplemental state law claims for wrongful discharge, intentional infliction of emotional distress, negligent supervision and retaliation. Defendants answered on August 9, 2002.

On October 1, 2002, counsel for Plaintiff moved to withdraw and stated that Plaintiff would proceed pro se. United States Magistrate Judge Leslie C. Smith granted the motion on October 16, 2002. Plaintiff has been pro se since that date.

On April 21, 2003, Defendant filed a motion to compel answers to interrogatories and

requests for production of documents. Plaintiff failed to respond. On May 19, 2003, Judge Smith granted the motion to compel and ordered Plaintiff to respond to Defendants' discovery requests by May 30, 2003. On June 24, 2003, Defendants filed a motion to dismiss pursuant to FED. R. CIV. P. 37(b)(2)(C) for failure to comply with the discovery order and because Plaintiff failed to appear at his deposition.

On August 6, 2003, Judge Smith held a settlement conference. Plaintiff failed to appear. On September 10, 2003, Judge Smith issued an order that directed Plaintiff to show cause why his complaint should not be dismissed for failure to appear at the settlement conference. The Order to Show Cause of September 10, 2003 required Plaintiff to file a written response by September 30, 2003. In the Order to Show Cause, Judge Smith explicitly warned Plaintiff that "failure to file a response within the time period specified will be considered grounds for dismissal **WITH PREJUDICE**." (Doc. 34) (emphasis in original). Plaintiff failed to respond to the order to show cause.

**II. Standard.**

The court must liberally construe *pro se* litigants' pleadings and hold them to a less stringent standard than required of those prepared by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). At the same time, the court may not assume the role of advocate for the pro se litigant, and need not accept as true unsupported conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, pro se litigants must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994). I have applied this standard in my analysis.

**III. Analysis.**

The Local Rules provide that a response to a motion is due fourteen calendar days after service of the motion. D.N.M.LR-Civ. 7.6 (a). Defendants filed the motion to dismiss on June 24, 2003. Plaintiff's response was due July 8, 2003. To date, Plaintiff has failed to respond to the motion to dismiss. Failure to serve or file a response in opposition to any motion constitutes consent to grant the motion. D.N.M.LR-Civ. 7.5 (b). Pursuant to Local Rule 7.5 (b), Plaintiff consented to dismissal by failing to file a response in opposition. Accordingly, the Defendants' motion to dismiss should be granted pursuant to Local Rule 7.5(b).

In the alternative, the motion to dismiss should be granted due to Plaintiff's failure to obey court orders and refusal to provide discovery. Rule 37(b)(2)(C) authorizes a trial court to dismiss a case if a party fails to obey an order to provide or permit discovery. Prior to imposing a sanction as severe as dismissal, however, a court should consider the following factors: (1) the degree of actual prejudice suffered by defendant; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court advised the litigant that dismissal would be a likely result of further violations; and (5) the effectiveness of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1993). These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction. *Id*.

With respect to the first factor, I find that Defendants have been severely prejudiced in the preparation of their case by Plaintiff's failure to comply with discovery requests, failure to obey Judge Smith's discovery order, failure to appear for his deposition, failure to respond to the motion to dismiss and failure to appear at the settlement conference. Plaintiff missed the deadline to provide Defendants with answers to interrogatories and requests for production of documents. Plaintiff

3

additionally failed to comply with Judge Smith's order to respond to the outstanding requests by May 30, 2003. Plaintiff failed to appear for his deposition and failed to appear at the settlement conference.

Without discovery, Defendants are unable to adequately prepare their defense and test the validity of Plaintiff's claims. Plaintiff's unnecessary delay has increased attorney fees and costs for Defendants, because Defendants have been forced to send numerous letters, file a motion to compel, and file a motion to dismiss. Defendants also had to pay their counsel to arrange for a deposition that did not occur. They also had to send defense counsel and a representative to appear for a settlement conference that never happened. Under these circumstances, Defendants have been prejudiced by Plaintiff's noncompliance. *See Ehrenhaus*, 965 F.2d at 921 (finding prejudice in undue delay and mounting attorneys fees).

The second *Ehrenhaus* factor is also met because Plaintiff's behavior significantly interfered with the judicial process. Plaintiff failed to comply with the local rules concerning discovery. Plaintiff disregarded Judge Smith's order to respond to Defendants' outstanding discovery requests by May 30, 2003. Plaintiff disobeyed Judge Smith's order requiring attendance at the settlement conference and ignored Judge Smith's order to show cause. Plaintiff has obstructed the judicial process that he invoked by filing suit. Plaintiff has wasted the time and resources of Judge Smith and defense counsel, thereby substantially interfering with the judicial process.

The repetitious nature of Plaintiff's blatant disregard of court rules and orders, as well as his refusal to cooperate with defense counsel establishes that Plaintiff has willfully failed to comply fully with the discovery requests and court orders. The third *Ehrenhaus* factor has been satisfied.

Turning to the fourth *Ehrenhaus* factor, Judge Smith gave Plaintiff notice that failure to

respond to the order to show cause would result in dismissal of his suit with prejudice. This warning satisfies the fourth factor.

Finally, as to the fifth factor, dismissal is usually appropriate only where lesser sanctions would not serve the interests of justice. *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988). Thus, in cases where a plaintiff fails to obey a court order through inadvertence or simple neglect, the deterrent effect can usually be achieved through lesser sanctions. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988). The extent and redundancy of Plaintiff's behavior demonstrates that a lesser sanction, short of dismissal, would not be proper or effective in this case. Accordingly, I find that Plaintiff's complaint should be dismissed with prejudice.

**WHEREFORE,**

    **IT IS ORDERED** that the complaint is **DISMISSED WITH PREJUDICE.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**